UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL TODD SNIPES,

    Plaintiff,

v.                                                              Case No. 6:14-cv-413-Orl-28TBS

VOLUSIA COUNTY, a political subdivision of
the state of Florida,

    Defendant.
_____/

## ORDER

This case comes before the Court without oral argument on Plaintiff's Motion to Disqualify Nancye R. Jones as Trial Counsel for Defendant (Doc. 11), and Defendant's response to the motion (Doc. 15).

### Background

Defendant employed Plaintiff as a beach patrol officer. (Doc. 1, ¶¶ 14, 65). In July, 2013, Defendant learned Plaintiff had sent certain text messages including satirical cartoons that could be offensive to some members of the public. (Id., ¶¶ 27-31). Defendant instituted an internal investigation and obtained access to Plaintiff's Facebook page. (Id., ¶¶ 37-40). A search of Plaintiff's Facebook page uncovered a statement of his opinion concerning the verdict in the George Zimmerman criminal trial which could also be offensive to a segment of the public. (Doc. 1-1 at 3). On July 29, 2013, Plaintiff was interviewed by Defendant's representatives, including attorney Nancye R. Jones, who is a member of Defendant's legal department. (Doc. 1, ¶ 55). Plaintiff's lawyer was present for the interview. (Doc. 15 at n. 2).

Based upon the texts and Facebook posting, Defendant terminated Plaintiff's employment on August 9, 2013. (Id., ¶ 65). Plaintiff appealed his termination to Defendant's Personnel Board. (Id., ¶ 67). The Personnel Board has the power to conduct hearings and make recommendations, but the final decision maker is Defendant's manager, James Dineen. (Id., ¶ 69). Prior to the Personnel Board hearing, a local newspaper quoted Dineen saying he was "angry and somewhat in disbelief over the messages" attributed to Plaintiff. (Id., ¶ 68). Based upon that comment, Plaintiff twice asked Dineen to recuse himself. (Id., ¶ 55). Jones wrote a letter to Plaintiff's counsel, informing him that the requests for recusal had been rejected. (Doc. 1-1 at 10).

During this process, Plaintiff formally requested the identity of the person who disclosed the text messages and content of his Facebook page to Defendant. Jones provided a written response, stating that Scott Dowling was the source. (Doc. 1-1 at 15). Plaintiff alleges that Jones' statement was not entirely true, because David Vanis was Defendant's actual source for the contents of Plaintiff's Facebook page. (Id., ¶ 55). Defendant maintains that Jones' response was true and that Vanis initially obtained a snapshot of the Facebook page from Dowling. (Doc. 15 at 4).

The Personnel Board heard Plaintiff's appeal on November 5, 2013. (Id., ¶ 85). Jones represented Defendant at the hearing. (Doc. 15-1). The Personnel Board voted in Plaintiff's favor, finding that he should not be terminated. (Id., ¶ 87). Dineen overruled the Personnel Board and upheld the termination of Plaintiff's employment. (Id., ¶ 88).

Plaintiff filed this lawsuit alleging, among other things, that Defendant violated § 112.532 Florida Statutes, titled "Law enforcement officers' and correctional officers' rights." Section 11.532(1)(d) provides that when a law enforcement officer is under investigation, he "must be informed of the names of all complainants." Id. Plaintiff alleges in his complaint that when Jones said Dowling was the source of the information about Plaintiff's Facebook posting she was not telling the truth, in violation of the statute. (Id., ¶¶ 123-132).

Now, Plaintiff argues that pursuant to Rule 4-3.7 of the Florida Rules of Professional Conduct Jones should be disqualified from representing Defendant in this case because she was present when Plaintiff was interviewed on July 29, 2013, her testimony will be relevant to Plaintiff's claim that Defendant violated § 112.532(1)(d), and Plaintiff appears to believe Jones is unavailable to testify so long as she is representing Defendant. (Doc. 11). Defendant argues that Rule 4-3.7 only applies to a lawyer testifying for her client and it has no intention of calling Jones as a witness. (Doc. 15 at 4). It also argues that if the Court dismisses Plaintiff's claim based upon the alleged violation of § 112.532 Florida Statutes then the issue is moot.[1] (Id.).

## Legal Standard

There are two sources for a court's authority when it considers a motion to disqualify an attorney. First, attorneys are bound by the rules of the court in which

---

[1] Defendant has filed a motion to dismiss this claim on the ground that § 112.532 Florida Statutes does not create a statutory right to sue an employer for money damages. (Doc. 8 at 20).

-3-

they appear. Second, their professional conduct is governed by federal common law, "because motions to disqualify are substantive motions affecting the rights of the parties." Herrmann v. Gutterguard, Inc., 199 F.App'x. 745, 752 (11th Cir. 2006).

Motions to disqualify opposing counsel are "'generally viewed with skepticism because . . . [they] are often interposed for tactical purposes.'" Yang Enterprises, Inc. v. Georgalis, 988 So.2d 1180, 1183 (Fla. 1st DCA 2008) (quoting Alexander v. Tandem Staffing Solutions, Inc., 881 So.2d 607, 608-09 (Fla. 4th DCA 2004)). The burden of proof is on the party bringing the motion for disqualification. Id.

"'Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if 'compelling reasons' exist.'" Herrmann, 199 F.App'x at 752 (quoting In re: BellSouth Corp., 334 F.3d 941, 961 (11th Cir. 2003)). "Disqualification of a party's chosen attorney is an extraordinary remedy that should be resorted to only sparingly . . ." Steinberg v. Winn-Dixie Stores Inc., 121 So.3d 622, 624 (Fla. 4th DCA 2013) (quoting Arcara v. Philip M. Warren, P.A., 574 So.2d 325, 326 (Fla. 4th DCA 1991) (citing Gen. Accident Ins. Co. v. Borg-Warner Acceptance Corp., 483 So.2d 505 (Fla. 4th DCA 1986).

"An order disqualifying counsel 'must be tested against standards imposed by [the] Rules of Professional Conduct.'" AlliedSignal Recovery Trust v. AlliedSignal, Inc., 934 So.2d 675, 678 (Fla. 2d DCA 2006) (quoting Tobkin v. Tobkin, 843 So.2d 961, 962 (Fla. 4th DCA 2003) (quoting City of Lauderdale Lakes v. Enter. Leasing Co., 654 So.2d 645, 646 (Fla. 4th DCA 1995). The Rules Regulating the Florida Bar provide:

>     (a) When Lawyer May Testify.  A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client except where:
>
>        (1)  the testimony relates to an uncontested issue;
>
>        (2)  the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
>
>        (3)  the testimony relates to the nature and value of legal services rendered; or
>
>        (4)  disqualification of the lawyer would work substantial hardship on the client.

R. Regulating Fla. Bar. 4-3.7(a).

The Comment to Rule 4-3.7 explains:

> . . . subdivision (a)(4) recognizes that a balancing is required between the interests of the client and those of the tribunal and the opposing party.  Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses.  Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified, due regard must be given to the effect of disqualification on the lawyer's client.  It is relevant that one or both parties could reasonably foresee that the lawyer would probably be a witness.  The conflict of interest principles stated in rules 4-1.7, 4-1.9, and 4-1.10 have no application to this aspect of the problem.

"[T]he rule requiring a lawyer to withdraw when he expects to be a witness in the case 'was not designed to permit a lawyer to call opposing counsel as a witness and thereby disqualify him as counsel.'"  Arcara, 574 So.2d at 326 (quoting Cazares v. Church of Scientology of Calif., Inc., 429 So.2d 348, 350 (Fla. 5th DCA), review denied, 438 So.2d 831 (Fla. 1983)).  Still, it is possible for a conflict

requiring disqualification to arise if a party calls the opponent's lawyer as a witness and the lawyer's testimony is adverse to the client's position. Steinberg, 121 So.3d at 625; Allstate Ins. Co. v. English, 588 So.2d 294, 295 (Fla. 2d DCA 1991).

The party moving for disqualification of opposing counsel has the burden of showing "the necessity of the attorney's testimony and thus his disqualification." Quality Air Conditioning Co., Inc. v. Vrastil, 895 So.2d 1236, 1237 (Fla. 4th DCA 2005) (quoting Hiatt v. Estate of Hiatt, 837 So.2d 1132, 1133 (Fla. 4th DCA 2003)). "A lawyer is not a necessary witness when there are other witnesses available to testify to the same information." Steinberg, 121 So.3d at 624.

## Analysis

Plaintiff has failed to show compelling reasons to override the presumption that Defendant is entitled to the lawyer of its choice. Putting aside the question of whether Plaintiff can state a claim under § 112.532 Florida Statutes, Jones' letter to Plaintiff's lawyer is the source of the allegedly false statement. Should Defendant deny the authenticity and relevance of the letter, then Jones can be called as a witness to lay the predicate for admissibility without fear that "substantial evidence" will be offered in opposition to her predicate testimony. See Comment to Rule 4-3.7. If the truth of the letter is challenged, then Jones testimony will be consistent with the letter and thus, not adverse to Defendant.

Plaintiff has failed to explain why Jones should be disqualified simply because she was present when he was interviewed on July 29, 2013, or why, if this fact disqualifies Jones, it does not also disqualify Plaintiff's lawyer. Plaintiff has also

failed to explain why Jones is unavailable to testify while representing Defendant.

Accordingly, the Court does not find a violation of Rule 4-3.7(a) or the common law and Plaintiff's Motion to Disqualify Nancye R. Jones as Trial Counsel for Defendant (Doc. 11), is DENIED.

DONE AND ORDERED in Orlando, Florida, on June 16, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel