UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHAEL TODD SNIPES,**

      **Plaintiff,**

v.                                                      Case No: 6:14-cv-413-Orl-41TBS

**VOLUSIA COUNTY,**

      **Defendant.**
_____/

**ORDER**

THIS CAUSE is before the Court on Defendant's, Volusia County, Motion to Dismiss Plaintiff's Complaint (the "Motion to Dismiss") (Doc. 8), filed on May 21, 2014. Plaintiff, Michael Todd Snipes, filed his Response in Opposition (the "Response") (Doc. 17) on June 16, 2014. For the reasons set forth below, Defendant's Motion to Dismiss will be granted.

**I.     BACKGROUND**

Previously, Defendant employed Plaintiff as a Beach Patrol Officer. (Compl., Doc. 1, ¶¶ 14–15). On July 14, 2013, while employed by Defendant, Plaintiff participated in a nine person group text message, wherein Plaintiff sent several "satirical cartoons," which "alluded to the George Zimmerman trial, Trayvon Martin, and Paula Deen," from his cellular telephone. (*Id.* ¶¶ 26–28). That same day, with regard to the "George Zimmerman criminal trial," Plaintiff posted on his Facebook page, "Another thug gone! Pull up your pants and act respectful. Bye bye thug rip!" (*Id.* ¶¶ 32, 60). Thereafter, a recipient of the text messages containing the satirical cartoons contacted Mark Swanson, who was the "Beach Safety Chief," and showed Mr. Swanson the cartoons. (*Id.* ¶¶ 11, 34–35). As a result, David Vanis, who is a Captain in the Volusia County Department of Public Protection, Internal Affairs Unit, began an internal affairs investigation into

Plaintiff's conduct regarding the cartoons and the Facebook post. (*Id.* ¶¶ 9, 36–37). According to Plaintiff, during the course of the investigation, Mr. Vanis "instructed a subordinate employee[,] who was a 'Facebook friend' with Plaintiff . . . to log into Facebook" so that Mr. Vanis could view Plaintiff's post. (*Id.* ¶ 37) (footnote omitted).

On July 17, 2013, Mr. Vanis served Plaintiff with a Notice of Internal Investigation and Notice of Administrative Leave, thereby placing Plaintiff on administrative leave pending the investigation. (*Id.* ¶¶ 43–47). On July 29, 2013, Mr. Vanis interviewed Plaintiff, who was accompanied by counsel. (*Id.* ¶ 55; Mot. Dismiss at 3). Plaintiff alleges that, during the interview, Mr. Vanis "wore a holstered gun in a small conference room in an act of intimidation towards Plaintiff." (Compl. ¶ 56). On August 2, 2013, Defendant provided Plaintiff with a Notice of Intent to Dismiss. (*Id.* ¶ 62). In accordance with the Notice of Intent to Dismiss, Plaintiff requested a meeting with George Recktenwald, who was the Director of the Volusia County Department of Public Protection. (*Id.* ¶ 63). Following an August 9, 2013 interview with Mr. Recktenwald, Defendant terminated Plaintiff's employment. (*Id.* ¶¶ 64–65).

On August 13, 2013, Plaintiff appealed his dismissal to the County Personnel Board. (*Id.* ¶ 67). On two occasions, Plaintiff requested that James Dinneen, who was the Volusia County Manager and final decision-maker over Plaintiff's employment, recuse himself from the administrative appeals process based on prior statements made by Mr. Dinneen. (*Id.* ¶¶ 12, 69, 71). Specifically, Plaintiff alleges that the Daytona Beach News-Journal quoted Mr. Dinneen as stating that he was "angry and somewhat in disbelief over [Plaintiff's] messages." (*Id.* ¶ 68). Those requests were denied. (*Id.* ¶ 72).

On September 18, 2013, Plaintiff received a Volusia County Personnel Board Appeal Notification, which purportedly established the date, time, and location of a hearing before the

County Personnel Board, (*id.* ¶ 74), and on October 5, 2013, Plaintiff received a copy of the Internal Affairs investigative file, (*id.* ¶ 77). The hearing before the County Personnel Board was held on November 5, 2013, during which the Board examined evidence, including witness testimony, regarding Plaintiff's termination. (*Id.* ¶¶ 85–86). Following the hearing, the Board recommended that Plaintiff not be terminated. (*Id.* ¶ 87). Mr. Dinneen accepted the Board's findings of fact but rejected the Board's recommendation, thereby affirming Plaintiff's termination. (*Id.* ¶ 88; Ex. A to Resp., Doc. 17-1, at 1). Thereafter, Plaintiff received twenty percent of his accrued paid leave. (Compl. ¶ 90).

Plaintiff initiated this case by filing the Complaint on March 14, 2014. Therein, Plaintiff sets forth seven Counts—Count One alleges violations of the First Amendment to the United States Constitution; Count Two alleges violations of the Fourth Amendment; Count Three alleges violations of the Fourteenth Amendment; Count Four alleges violations of section 112.532 of the Florida Statutes[1]; Count Five alleges a "deprivation of property interest in public employment"; Count Six alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19; and Count Seven alleges intentional infliction of emotional distress. On May 21, 2014, Defendant moved to dismiss each Count for failure to state a claim upon which relief can be granted.

## II.   LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a

---

[1] As an initial matter, in Count Four, Plaintiff refers to section 112.536 of the Florida Statutes. That statute does not exist. This Court will presume, as does Defendant, that Plaintiff intended to cite section 112.532, which corresponds to the statutory language quoted on pages nineteen and twenty of the Complaint.

claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Generally, in deciding a motion to dismiss, "[t]he scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

### III. DISCUSSION

Defendant contends that, with respect to each Count in the Complaint, Plaintiff has failed to state a claim upon which relief can be granted. Therefore, Defendant requests dismissal of the Complaint in its entirety. Defendant's arguments are well-taken.

### A. Counts I–III

In Counts One, Two, and Three, Plaintiff seeks damages for alleged violations of the Constitution. Specifically, in Count One, Plaintiff asserts that Defendant violated his First Amendment protections by terminating Plaintiff's employment based on protected speech. In Count Two, Plaintiff alleges that Defendant violated the Fourth Amendment by conducting an unlawful search of Plaintiff's Facebook page. In Count Three, Plaintiff claims Defendant violated

his Fourteenth Amendment procedural due process protections by failing to timely resolve his administrative appeal and by failing to provide an impartial final decision-maker. Defendant argues that these claims should be dismissed for failure to comply with 42 U.S.C. § 1983.

While not distinctly referenced,[2] Counts One, Two, and Three rely on § 1983, which affords a cause of action for damages against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."

Generally, municipalities are "persons" and may be liable under § 1983 "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). To prevail on a § 1983 claim against a municipality, a plaintiff must demonstrate "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

Defendant attacks the second and third elements and argues that Counts One, Two, and Three should be dismissed because Plaintiff fails to allege that the purported constitutional violations resulted from a policy or custom. Indeed, "local governments are responsible only for their own illegal acts," and "are not vicariously liable under § 1983 for their employees' actions." *Connick*, 131 S. Ct. at 1359 (emphasis omitted) (quotation omitted). Thus, a plaintiff "must prove

---

[2] In passing, Plaintiff does reference § 1983 in the jurisdictional section of the Complaint. (Compl. at 2).

that 'action pursuant to official municipal policy' caused [his] injury." *Id.* (quoting *Monell*, 436 U.S. at 691). An official policy "includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.*

In the Complaint, Plaintiff's allegations are devoid of any mention that an official policy or custom caused the purported constitutional violations. For that reason alone, Counts One, Two and Three will be dismissed. *See Woodring v. Hart*, No. 6:14-cv-1067-Orl-37TBS, 2014 WL 6674450, at *2 (M.D. Fla. Nov. 24, 2014) (dismissing plaintiffs' "official-capacity § 1983 claims" because the plaintiffs failed to allege that the purported injury resulted from an official policy). Even in Plaintiff's Response, which is particularly underwhelming,[3] Plaintiff fails to address Defendant's § 1983 concerns and proceeds to the merits of his constitutional arguments. Moreover, there exist no factual allegations in the Complaint from which this Court, while not required to do so, can infer the existence of some unconstitutional policy or custom. *See Craig v. Floyd Cnty.*, 643 F.3d 1306, 1311 (11th Cir. 2011) ("A single incident of a constitutional violation is insufficient to prove a policy or custom even when the incident involves several employees of the municipality."). Therefore, Counts One, Two, and Three will be dismissed.

### B. Count IV

In Count Four, Plaintiff seeks damages for alleged violations of section 112.532 of the Florida Statutes. In support of dismissing Count Four, Defendant argues that there is no existing cause of action for damages arising from alleged violations of section 112.532.

---

[3] What is most disconcerting is that Plaintiff's Counsel cites the incorrect standard to govern this motion. Particularly, Counsel cites the standard set forth in *Conley v. Gibson*, 355 U.S. 41 (1957). That reference tends to demonstrate either that Counsel is unaware that *Conley* has not been good law for over seven years or that Counsel copied this standard from a prior motion. For Plaintiff's sake, the Court will assume the latter.

Section 112.532 is part of the Law Enforcement Officers' Bill of Rights (the "LEOBOR"), Fla. Stat. §§ 112.531–.535, which "sets forth the exclusive procedures to be followed by law enforcement and correctional agencies for investigation of complaints filed against law enforcement and correctional officers." *Adamson-James v. Fla. Dep't of Corr.*, No. 6:11-cv-628-Orl-36TBS, 2013 WL 1968499, at *8 (M.D. Fla. May 13, 2013). Importantly, the LEOBOR "does not create a statutory right for damage suits against an employer." *Bermingham v. City of Clermont*, No. 5:12-cv-37-Oc-37PRL, 2013 WL 3974654, at *6 (M.D. Fla. July 31, 2013); *see also* Fla. Stat. § 112.534 (discussing administrative remedies for failure to comply with section 112.532).

In the Response, Plaintiff fails to provide any authority that would permit a claim for damages for violations of section 112.532; in fact, Plaintiff wholly fails to address Count Four. Thus, Count Four, which only seeks damages, will be dismissed.

**C.    Count V**

In Count Five, Plaintiff seeks damages for a purported "deprivation of property interest in public employment." Specifically, Plaintiff argues that he "had a genuine property interest in his position based on a legitimate expectation of continued employment." (Compl. ¶ 134). Defendant argues that, among other reasons, Count Five should be dismissed for the same reasons as Count Three.

As an initial matter, it's not entirely clear from what authority Plaintiff derives the cause of action in Count Five. By way of a passing reference in the Response, Plaintiff does mention the Fourteenth Amendment, seemingly as the basis for his cause of action, and section 112.532, as the source of the purported property interest. (Resp. at 12–13).

The Due Process Clause of the Fourteenth Amendment prohibits any state from "depriv[ing] any person of life, liberty, or *property*, without due process of law." (emphasis added).

While state law property interests in employment are not afforded substantive due process protection, *see McKinney v. Pate*, 20 F.3d 1550, 1556, 1560 (11th Cir. 1994), such interests are afforded procedural due process protection, *id.* at 1561. In the employment context, a plaintiff must first establish a state law "property interest in [his] employment and then [he] must prove that the process [he] w[as] afforded, if any, was less than that which is constitutionally required." *Capsalis v. Worch*, 902 F. Supp. 227, 230 (M.D. Fla. 1995) (citing cases).

Nevertheless, Count Five seeks monetary damages for an alleged denial of procedural due process, which is also the basis for Count Three. As previously discussed, § 1983 requires that, to maintain such an action, Plaintiff must tie his injury to an unconstitutional policy or custom. Plaintiff has failed to do so. Therefore, Count Five will be dismissed.

### D.     Count VI

In Count Six, Plaintiff seeks damages for an alleged violation of the FLSA. Specifically, Plaintiff contends that Defendant violated 29 U.S.C. § 207(o) by, upon Plaintiff's termination, only compensating Plaintiff twenty percent of his accrued paid leave. In support of dismissing Count Six, Defendant argues that § 207(o) does not provide a means to pursue compensation for paid leave.

The FLSA provides a cause of action for damages against an employer that violates § 207 of Title 29 of the United States Code. 29 U.S.C. § 216(b). Section 207 requires that an employee be compensated "at a rate not less than one and one-half times the regular rate at which he is employed" for each hour worked in excess of forty hours in a given workweek. *Id.* § 207(a)(1). As an exception, § 207(o) provides that public employees may receive, "in lieu of overtime compensation, compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required." Stated differently, in place of

overtime compensation, an employee may receive one and one-half hours of compensatory time off for each hour of overtime worked.

In the Complaint, Plaintiff seeks compensation for "paid leave," of which he has allegedly "accrued approximately [t]hree [h]undred and [e]ighty . . . hours." (Compl. ¶ 139). Plaintiff fails to disclose the composition of his paid leave; specifically, Plaintiff fails to allege that his paid leave was in lieu of overtime compensation. Neither the Complaint nor the Response mentions overtime compensation. The Court is unable to draw a "reasonable inference" from an absent allegation, and therefore, Plaintiff has failed to state a claim under § 207(o). Count Six will be dismissed.

### E. Count VII

In Count Seven, Plaintiff seeks damages for intentional infliction of emotional distress. Defendant argues that Count Seven is barred by sovereign immunity. As with Count Four, Plaintiff fails to address these concerns in his Response.

While the Eleventh Amendment does not afford immunity to municipalities, *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977), Florida law does, *see Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1117 (11th Cir. 2005); *see also Posen Constr., Inc. v. Lee Cnty.*, 921 F. Supp. 2d 1350, 1357 (M.D. Fla. 2013) (holding that state law sovereign immunity applies to state law claims in federal court). However, section 768.28 of the Florida Statutes affords a limited waiver of state law sovereign immunity for torts. *See* Fla. Stat. § 768.28(1). Particularly, subsection 768.28(9)(a) limits that waiver by stating that "subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent . . . *committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property*." (emphasis added). "Subdivisions" are defined to include municipalities. *See id.* § 768.28(2).

Defendant specifically contends that its sovereign immunity is not waived by section 768.28. In Count Seven of the Complaint, Plaintiff alleges that Defendant's "actions were willful, wanton, and outrageous, and without regard to the rights or feelings of Plaintiff." (Compl. ¶ 147). Such conduct is akin to the type of conduct listed in subsection 768.28(9)(a), which is excluded from the general waiver of sovereign immunity in section 768.28. *See Smith v. City of Oak Hill*, No. 6:11-cv-1332-Orl-31KRS, 2011 WL 4597347, at *4–5 (M.D. Fla. Oct. 3, 2011) (holding that subsection 768.28(9) prohibits claims for intentional infliction of emotional distress against a municipality (citing *Samedi v. Miami-Dade Cnty.*, 134 F. Supp. 2d 1320, 1354 (S.D. Fla. 2001))). Thus, Defendant is immune from liability regarding Count Seven, and that claim will be dismissed.

### F. Leave To Amend

Curiously, Plaintiff fails to request leave to amend the Complaint. Nonetheless, Plaintiff will be afforded a limited opportunity to do so. *Cf. Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) ("A district court is not required to grant a plaintiff leave to amend his complaint [*sua sponte*] when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."). Federal Rule of Civil Procedure 15 calls for the liberal amendment of pleadings; "[h]owever, the court need not grant leave where the amendment would be futile." *Cox v. Mills*, 465 F. App'x 885, 889 (11th Cir. 2012). "An amendment is futile where the complaint as amended would still be subject to dismissal." *Id.* While the Court will, *sua sponte*, permit the limited amendment of pleadings not deemed futile, Counsel for Plaintiff would be wise to carefully consider the tone of this Order. The Complaint (Doc. 1) and Response (Doc. 17) in defense thereof, are vehicles too inadequate to obtain the relief Plaintiff demands.

## IV.     CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant's Motion to Dismiss (Doc. 8), filed May 21, 2014, is **GRANTED**.

2. Counts Four, Five,[4] and Seven are **DISMISSED with prejudice**.

3. Counts One, Two, Three, and Six are **DISMISSED without prejudice**. On or before **March 9, 2015**, Plaintiff may file an Amended Complaint, limited to Counts One, Two, Three, and Six. Failure to do so may result in dismissal with prejudice of all remaining Counts without further Order of this Court and the closure of this case.

**DONE** and **ORDERED** in Orlando, Florida on February 18, 2015.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

[4] As previously discussed, Count Five alleges violations of the Fourteenth Amendment's procedural due process protections. That claim coincides with Count Three.