UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL TODD SNIPES,

    Plaintiff,

v.                                            Case No:  6:14-cv-413-Orl-41TBS

VOLUSIA COUNTY,

    Defendant.

## REPORT AND RECOMMENDATION

This case comes before the Court without a hearing on Defendant Volusia County's Motion to Tax Costs (Doc. 75). According to the motion, Plaintiff opposes the relief sought (Id., ¶ 13). But, Plaintiff has not filed a response to the motion and the time within to do so has expired. Accordingly, the Court may construe the motion as being unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2012-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); United States v. Nguyen, No. 8:13-cv-1538-T-24AEP, 2013 WL 4520931, at * 1 (M.D. Fla. Aug. 26, 2013); Gilchrist v. CitiFinancial Servs., Inc., No. 6:06-cv-1727-Orl-31KRS, 2007 WL 177821, at * 1 (M.D. Fla. Jan. 19, 2007).

Plaintiff filed this action on March 14, 2014 (Doc. 1). All but one claim was dismissed on Defendant's motions to dismiss (Docs. 30, 42). Defendant was granted summary judgment on Plaintiff's remaining First Amendment claim on June 16, 2016 (Doc. 73). The Clerk entered judgment in favor of Defendant the following day (Doc. 74). Defendant now seeks an award of $5,796.22 in costs pursuant to FED. R. CIV. P. 54(d)(1) and 28 U.S.C. § 1920(2).

Federal Rule of Civil Procedure 54(d) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). This rule "creates a presumption in favor of awarding costs to the prevailing party which [the losing party] must overcome." Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991). See also Chapman v. AI Transp., 229 F.3d 1012, 1038 (11th Cir. 2000) ("That provision establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise."). "[D]enial of costs is in the nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation." Chapman, 229 F.3d at 1039 (internal quotations omitted). "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." Id. Courts in this district have found that "'the losing party must demonstrate that there is some fault, misconduct, default or action worthy of penalty on the part of the prevailing party.'" Competitor Liaison Bureau, Inc. v. Cessna Aircraft Co., No. 6:08-CV-2165-Orl-28GJK, 2011 WL 5358548, at *3 (M.D. Fla. Oct. 17, 2011) report and recommendation adopted, 2011 WL 5358668 (M.D. Fla. Nov. 7, 2011) (quoting Perez v. Sanford-Orlando Kennel Club, Inc., No. 6:05-cv-269-Orl-28JGG, 2007 WL 842771, at *6 (M.D. Fla. Mar. 20, 2007)).

By statute, district courts may tax the following costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Defendant seeks $5,796.22 in costs expended for printing and electronically recorded transcripts necessarily obtained for use in the case. Defendant argues that the depositions were used in its motion for summary judgment and were cited by the Court in its order granting summary judgment (Doc. 75 at 2). Defendant has provided evidentiary support and verification of these costs. 28 U.S.C. § 1924; Doc. 75 at 4-12. In the absence of any conflicting facts or argument, I find that these costs are recoverable under 28 U.S.C. § 1920(2). U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000) ("A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions.") (internal quotations omitted). Accordingly, I respectfully recommend that:

(1) Defendant Volusia County's Motion to Tax Costs (Doc. 75) be **GRANTED**; and

(2) The Clerk be **DIRECTED** to enter a cost judgment in favor of Defendant Volusia County and against Plaintiff in the amount of $5,796.22.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on July 6, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties